**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ROBERT DEREK LURCH, JR.**

**Plaintiff,**

**- against -**

**THE CITY OF NEW YORK, ET AL.,**

**Defendants.**

**25-cv-6860 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The pro se plaintiff's motion for "Leave to File a Supplemental Complaint Pursuant to Federal Rule of Civil Procedure 15(d)" is **denied**. ECF No. 46.

The plaintiff styles the motion as a motion to supplement under Rule 15(d), but it is more properly considered a motion to amend under Rule 15(a). Rule 15(d) applies to "a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added).[1] The plaintiff's submission describes an incident alleged to have occurred on September 11, 2025, but the plaintiff filed an Amended Complaint on December 23, 2025. ECF Nos. 24, 46. Accordingly, Rule 15(d) does not apply because the newly alleged incident occurred before the most recent pleading. Cf. Weeks v. N.Y. Div. of Parole, 273 F.3d 76, 88 (2d Cir. 2001) ("A motion to plead events that have transpired since the date of the party's most recent pleading is technically categorized under [Rule 15(d)] as opposed to [Rule 15(a)].").

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

The plaintiff's motion is thus construed as seeking leave to amend under Rule 15(a). See Wertzberger v. Shapiro, DiCaro & Barak LLC, No. 19-cv-4272, 2021 WL 327619, at *4 (E.D.N.Y. Feb. 1, 2021) ("District courts in this circuit have construed motions made under Rule 15(a), but which should have been made under Rule 15(d) (or vice versa), as if they had been brought under the correct rule.") (collecting cases). In any event, "[t]he same substantive standard applies when analyzing a motion under Rules 15(d) and 15(a)," and the motion should be denied under both Rules. See YCF Trading Inc. v. Skullcandy, Inc., 781 F. Supp. 3d 56, 98 (E.D.N.Y. 2025).

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id.; accord Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018).

In this case, leave to amend is denied because the assertion of the alleged September 2025 incident would cause undue prejudice to the existing defendants. The newly alleged incident is distinct from the incident at issue in the Amended Complaint. It involves different, unnamed actors, including different police officers and a different doctor, at a different Mt. Sinai location, on a different date and time. It would be unfairly prejudicial to the defendants named in the Amended Complaint to try the Amended Complaint with the

proposed amendment together in one trial. See Dorlette v. Iozia, No. 16-cv-1882, 2020 WL 509564, at *5 (D. Conn. Jan. 31, 2020) (denying leave to amend to include unrelated claims); White v. Marinelli, No. 17-cv-1094, 2019 WL 13472355, at *11 (N.D.N.Y. Dec. 27, 2019) (denying leave to amend where the amendment "set forth completely different cause[s] of action[], wholly unrelated to the original claims, facts, or defendants"); Mckinney v. Dzurenda, No. 10-cv-880, 2011 WL 13109145, at *2 (D. Conn. Nov. 22, 2011) (denying leave to supplement where new allegations were "not connected to the claims in the complaint").

Moreover, there is no prejudice to the plaintiff in denying the motion. The plaintiff, who was aware of the alleged September 2025 incident at the time of filing the Amended Complaint, could have sought to include the incident in the Amended Complaint and failed to do so. See Oparaji v. New York City Dep't of Educ., 172 F. App'x 352, 354–55 (2d Cir. 2006) (affirming denial of leave to supplement and amend where the plaintiff failed to include proposed claims in an amended pleading). Furthermore, the plaintiff is free to file a new, separate action against the proper defendants alleging the facts of the September 2025 incident. See Purcelle v. Thomas, No. 18-cv-77, 2019 WL 1762628, at *3 (N.D.N.Y. Apr. 22, 2019) (denying leave to amend where the plaintiff was "free to commence a new lawsuit against the proposed new defendants" arising from the newly alleged facts).

For the foregoing reasons, the plaintiff's motion for leave is **denied.**

The Clerk is respectfully requested to email a copy of this Memorandum Opinion and Order to the plaintiff at Robertlurch2018@gmail.com and to note mailing on the docket.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 9, 2026**

**John G. Koeltl**
**United States District Judge**